Docket No. 161256. It is an appeal from the Court of International Trade. As I understand it, Ms. Owens, you want three minutes for rebuttal? Yes, Your Honor. Okay. That's fine. You may begin. Good morning. May it please the Court, my name is Kayla Owens and I represent the appellant Composite Technology. The issue before this Court is whether the CIT erred when it found that a 6mm size restriction under Heading 4408 prevents composites goods from being classified as veneered panels under Heading 4412. There's no authority to support this proposition. The terms under Heading 4408 and Heading 4412 are not identical and they're not required to carry the same meaning. The government omits an important part of Heading 4408 in its arguments. Heading 4408 doesn't just say sheets for veneering. Rather, it specifically says sheets for veneering for plywood or for similar laminated wood. It doesn't say sheets for veneering for veneered panels. The explanatory notes under Heading 4412... Don't we have to somehow determine what it means by thin sheets for veneering? Yes, Your Honor. Okay. I mean, you say they omitted some stuff, but that's an important modifier, is it not? Yes, Your Honor. But we don't believe that Heading 4408 dictates what thin means because veneered panels aren't specifically included. So that would mean that the Court would look to the common definition of veneered, which simply says a thin layer of wood. It doesn't specify a size. How thin is thin? Well, you know, when you look at the one surface to the opposite. So we look at the length, the depth, the width of the product. And in this instance, the length is somewhere between 30 and 79 inches long. The depth is somewhere between 31 and 44 millimeters. So relatively speaking, it's thin. Does it say relatively thin? I guess that's my problem, is if you're saying that it's supposed to be relative, then that means it's different for every single product, right? The way the tariff is currently drafted, Customs would have to look on a case-by-case basis because Heading 4408 does not dictate the size of veneered panels under Heading 4412. There's nothing to support that proposition under Heading 4412. The explanatory notes provide a definition for veneered panels that doesn't include a 6-millimeter size restriction. As the CIT noted in the Kars case, the term veneered itself is not defined by Heading 4412, and the explanatory notes to Heading 4412 don't incorporate or reference a 6-millimeter size restriction. So if the drafters had intended for that restriction to exist, they would have indicated. We see numerous subheadings throughout Heading 4412 that do impose a 6-millimeter size restriction, but they're all with respect to plywood. The government asserts that it doesn't make much sense that something wouldn't be a sheet for veneering, but then when you actually attach it, it's transformed into a veneered panel. How do you respond to that point? Our position is that it doesn't have to be a sheet for veneering to be a veneer the way the tariff is currently drafted. There's nothing that dictates that a veneer has to fall under Heading 4408. So then we would look to the common definition. We're not arguing that if this piece of pine were imported separately, it would go under Heading 4408. We're arguing that it doesn't have to go under 4408 to be treated as a veneer, that we can look at the common definition, and the common definition simply says, for one example, a thin sheet of wood, a layer of wood of superior value or excellent grain for overlaying an inferior wood. So when we look at the purpose of a veneer is sometimes decorative, and it's also to provide stability. And that is the point of this pine cap. It's the face ply, so it's a superior grain in that it looks better than the inferior wood underneath, and it's also there to provide stability to prevent bowing or warping. So that's the purpose of the superior grain, and that's the purpose that this pine cap provides to the overall product. But why shouldn't we read these two provisions together and to at least infer that Congress meant to use the same term in the same way in each instance? Why should you read them together? Why shouldn't we read them together? Well, because they're not identical terms. Sheets for veneering is not the same as a veneered panel. What would you do with sheets for veneering other than veneer? Well, under Heading 4408, it specifically says sheets for veneering for plywood and for similar laminated wood. And we know when we look at the explanatory notes under Heading 4412, plywood, similar laminated wood, and veneered panels are all given different definitions. So there's no reason we should have to put veneered panels under the umbrella of similar laminated wood just for the purpose of imposing a size restriction from Heading 4408. So what proportion, if you're saying that we should, on a case-by-case basis, determine whether it's relatively thin, what proportion do you propose? I think that there's no specific proportion. The definitions for veneers that are provided don't say a specific size. And so, again, when you look at the definition of thin, it talks about relative to the length, the depth, and the width. Are you saying that the veneer should be just thinner than the base? And that would be sufficient to make it a veneer? I think that it would have to be thinner than the base. Again, when you look at the product... Substantially thinner than the base? I don't think it needs to necessarily be substantially. As long as it's thinner. So you have two pieces of wood. If one of them is thinner than the other, then the thinner one counts as a veneer? I think, again, it depends. I think they could both count as a veneer, depending on the overall length. Including the thick one? I think it's relative to the overall length, depth, and width. And again, I think when you look at the definition of veneer, it simply says a thin layer of wood of superior grain glued to an inferior piece of wood. But if I understand your answer to the question I just asked, you're suggesting that thin does not necessarily have to mean that it is thinner than the base to which it's attached. I'm sorry, no, that I misunderstood. I think it would have to be thinner than the base to which it's attached. But just barely? I think that... I mean, I don't... it's a subjective... Well, isn't that a problem if it's a purely subjective test? I mean, wouldn't that be objectionable that commerce could just use this heading and make subjective determinations? I think the problem with the way the tariff is currently drafted is that it doesn't... there's no size restriction based on its language when it limits sheets for veneering for plywood and similar laminated wood. So if the intention of the drafters of the tariff was to have such a size restriction, then the tariff needs to be edited to reflect that intention. But the way it stands right now, we are left with a subjective standard. I think when you look at the overall definition of veneer, the piece of pine in this case meets that. It's a thin layer of wood of superior grain. Again, the purpose of the superior grain is decorative and to provide stability, and that's the purpose of this piece of pine. But you don't want to read out thin. I mean, superior piece of wood is just one of the ways to define what it is. Thin is another way, right? Correct. Right. So I mean, you look at both of them in this instance together, it's 9.5 millimeters, which is 3 eighths of an inch, which I think a reasonable person would say is thin when compared to the length of between 30 and 79 inches and a depth of 31 millimeters to 44 millimeters. I'm having a bit of a hard time following on your proportions, that it's supposed to be a comparison not just between the depths of the two items, but also the length and the width. So are you saying that if something were thick or in other words, the same proportion per depth, but didn't cover the whole length, that it could be a veneer? I think then it would certainly be questionable because the definition of thin says relatively small. So relatively speaking, if you had something that was only six inches in length with the same depth and width, then it may not be considered thin. I mean, I recognize that this is a subjective standard that we're left with if the six millimeter size restriction doesn't apply. The problem is the way the tariff is currently drafted, that restriction doesn't exist under Heading 4412. Heading 4412 only has a six millimeter size restriction for plywood. And I don't believe that the language under Heading 4408 and 4412 are similar or identical in that they're required to have the same meaning. Because in order to do that, we'd have to then reach and say that okay, for purposes of 4408, we're going to consider veneered panels to be similar laminated wood so that we can make this six millimeter size restriction apply to veneered panels under Heading 4412. But then when we look at Heading 4412, veneered panels are defined separately. They're not treated as similar laminated wood. So I think the problem is the way it's currently drafted because either way we're having to reach. I'm not sure I understood that last point about similar laminated wood. Could you expand on that please? So under Heading 4408, it says sheets for veneering for plywood and similar laminated wood. It doesn't include veneered panels. Under Heading 4412, which is where we believe Composites Merchandise belongs, the heading covers plywood, veneered panels, and similar laminated wood. And when we look at the explanatory notes to Heading 4412, each of those products is provided its own definition. So we know that veneered panels are separate and apart from similar laminated wood. So knowing that each of those three... I'm not sure I understand why that helps you. You've got the reference to the term veneered, at least in one case veneered and in another case veneering, but it's talking about veneer in both. And the specific item that we're focusing on here is not similar laminated wood. As I understand, you're not making that argument. You made it in the CIT, but not here, right? Correct. Okay. So veneered panels is what we're focusing on, and the question then is whether sheets for veneering in 4408 has to be viewed as essentially referring to the same item that is part of the veneered panels. And my question is, why not? I don't understand what similar laminated wood has to do with it if veneered panels is what we're talking about and focusing on here. I guess what I'm trying to convey is that because veneered panels is not specifically mentioned under Heading 4408... No, but veneer is. Sheets for veneering for plywood and similar laminated wood is the way... And other wood, right? It says and other wood, lengthwise... And our interpretation of Heading 4408, which is consistent with customs, is that Heading 4408 provides for sheets for veneering and for other wood sawn lengthwise. Both of which have to be less than 6 millimeters, but when you look at sheets for veneering, it's with respect to plywood and similar laminated wood. So it's your position that because 4408 says sheets for veneering for plywood or for similar laminated wood, it doesn't include veneered sheets for veneering for veneered panels? Correct, Your Honor. If there are no further questions at this time, I'd like to reserve the remainder of my minute and 23 seconds for rebuttal. Thank you. We'll give you two minutes for rebuttal. May it please the Court, under Composite's rationale one could affix a piece of dimensional lumber to a base, and so long as that piece of dimensional lumber is thinner than the base, you've created a veneered panel. That applies in the face of the plain meaning of the term veneer. The only reasonable reading of the HTS as a whole is that if one takes a sheet for veneering and then affixes it to a base, one has created a veneered panel. Well, why wouldn't it have made more sense for the definitions in the two sections to be consistent? Why not put the height restriction into both of them? Both 4408 and 4412? Well, there's no real need to do it, and another point to look at is that in 4412, in the explanatory notes, the drafters use the word thin. A thin veneer affixed to a base. Actually, under Composite's reasoning, that thin veneer should be something even less than 6 millimeters. It should be something less than a sheet for veneering that's already defined earlier on in the HTS. Looking at the HTS as a whole, you're going from products closer to the tree for the most part, starting with logs and things like that. 4407 is dimensional lumber. 4408 would be smaller, thinner pieces of what's essentially dimensional lumber, and then moving on to more and more processed wood products. It's only reasonable to take a definition from earlier on with less processing and use it in a product with more processing later on in the HTS chapter 44. Let me ask you, turning to the last point that Ms. Owens was making, how do you read the second clause, I guess it is, of 4408 that starts for plywood or similar laminated wood and other wood sawn lengthwise? What do you understand the role of and other wood in that clause to be? That would be other wood that would be used for something other than veneering, but it would have to be less than 6 millimeters. Right, but what I'm trying to get at is do you understand the sheets for veneering to be limited to for plywood and for similar laminated wood stop, or do you understand that second clause to mean that the sheets for veneering can be for plywood or for similar laminated wood or other wood? Which of those two is the construction that you believe is appropriate? I think it is for... I'm going to parse it again so that I make sure that I get this correct. It's the second clause of 4408. For plywood or for similar laminated wood and other wood sawn lengthwise. It says sheets for veneering for plywood or for similar laminated wood and other wood. Right. So those sheets for veneering would be used for any of those products. Including other wood, you say? Yes, including other wood because there's no comma before the and for other or there's no delimiting between similar laminated wood and other wood. In 4412 there is an exception at the bottom that says this heading excludes actually there's two sections where it talks about what the heading excludes and the one says that it excludes thin sheets of wood for veneering. This is in 4412. Yes. Near the bottom. See where it says the heading also covers plywood panels, veneered panels, and panels of similar laminated wood? Plywood, veneered panels, and similar laminated wood. Other plywood consisting solely of sheets of wood. Right, and then it says this heading also excludes. Not surface. This is in the explanatory notes. Thank you. Sorry. Good, it was not me. Correct, and so under the EN 4412 would exclude products that fall within 4408. Obtained by slicing laminated wood. This might mean that if there's a laminate and then you slice at the cross section of the laminate so that there's a large number of plies in each thin strip, that might be what this means. It's thin sheets of wood for veneering obtained by slicing laminated wood. It refers to 4408 there in the boldface, right? Is that a ground on which we might conclude that when the explanatory note refers to thin sheets of wood for veneering, it means thin sheets is a reference to thickness not exceeding 6 millimeters? Yes, that would work and that makes sense and it's administrable. It would clearly work for you, but would it also mean that they were attempting to distinguish the two headings? Yes. And to make sure that they weren't including one in the other? Yes, that's the most reasonable way to look at the explanatory notes in conjunction with the HTS as a whole. What is the distinction then that in 4408 is these thin sheets that have not been adhered to anything yet or is there some other distinction? That's correct. So under 4407, that dimensional lumber like a 2x4, but if you slice and plane the wood so that it's less than a quarter inch or 6 millimeters thick, then it falls under a different heading, 4408, but it's still just a piece of wood that's less than 6 millimeters thick. As opposed to 4412 where there's thin pieces that could be adhered to one another? Yes. For example, plywood, you need to take at least three pieces of wood and adhere them together with the grains perpendicular to one another. The product here, the grains are parallel so it doesn't fall within plywood. For these reasons, we respectfully request the court affirm. Okay, two minutes. So the government just argued that heading 4408 is sheets for veneering for plywood, similar laminated wood, and other wood sawn lengthwise. But Customs has noted in rulings, specifically ruling F87750, that heading 4408 provides for sheets for veneering and other wood sawn lengthwise. So it seems to have taken a different interpretation than the government is here today. Finally, I would just like to add that if the drafters had intended for the 6 millimeter size restriction to apply to veneered panels and heading 4412, they could have done so in several ways. As we discussed in our reply brief, in the JBLU case, this court found that looking at the language of related regulations shows that when Customs intended to limit a regulation to register trademarks, it expressly did so. By analogy, when the drafters intended to impose size restrictions, they expressly did so as heading 4408 and numerous subheadings for plywood under heading 4412 demonstrate. So they could have included a subheading with a size restriction for veneered panels. In addition, the United States could have added a restriction at the 8 digit level. The WCO could have added a size restriction to the definition of veneered panels. They could have referenced or incorporated heading 4408 in the definition of veneered panels or when defining veneered. And finally, they could have specifically said veneered panels in the language of heading 4408, and they did none of those things. What is your response to the point that Mr. Tassini was discussing in the exclusions in the explanatory notes of thin sheets of wood for veneering referencing 4408, where thin, if that is intended to construe the word thin in this portion of the explanatory notes to be the same as the word thin on the preceding page where veneered panels is defined, i.e. to mean 6 millimeters or less? My reading of this exclusion is simply saying that sheets of veneering that would be classified under heading 4408 wouldn't be classified under heading 4412. My focus is on the use of the term thin, and the reference to thin sheets of wood for veneering is then followed by a bold reference to the heading 4408, which suggests that the explanatory note is conceiving thin to be the kind of sheets for veneering that are referenced in 4408, which are sheets that are less than 6 millimeters in thickness. Why is that not a reasonable construction? I think that I believe that the definition of veneered panel, when saying thin, I don't know that those two words need to be read to necessarily I guess I'm focusing on the word thin. We're trying to figure out what the word thin in the explanatory notes means, and what we have here is a reference to 4408 with an allusion to thin sheets of wood for veneering. That suggests 6 millimeters, or at least it could be argued. My interpretation of thin is, in this instance, sheets of veneering can be, I mean, again, in looking at this with respect to plywood, you see throughout the subheadings of 4412 they talk about different restrictions even other than 6 millimeters. I don't believe that thin here necessarily needs to reflect on the word thin under the definition of veneered panels. Okay. That case will be submitted. We'll move on to the next.